*845 OPINION.
Marquette:
The evidence herein establishes that the petitioners are transferees of the Barr-Davis Oil Co., and that each of them received upon the dissolution of that company cash in an amount greater than the liability asserted against him or her by the respondent. The petitioners, however, advance a number of reasons why they should not be held liable for the taxes due from the Barr-Davis Oil Co., notwithstanding that they are transferees.
The first contention of the petitioners is that section 280 of the Revenue Act of 1926, under authority of which the liabilities have been asserted, is unconstitutional. While not waiving this point, they decline to argue it in view of the decision of this Board that a transferee may not seek a redetermination by the Board under section 280 of the Revenue Act of 1926, and at the same time question the validity of that section. Henry Cappellini, 14 B. T. A. 1269. That is what the petitioners have done in these proceedings and, on the authority of the GappellAni case we hold that, having appealed to the Board from the determination of the respondent, the petitioners have waived their right to attack the constitutionality of the law under which the appeal is taken.
The second contention of the petitioners is that the assessments made by the respondent against the Barr-Davis Oil Co. for the years 1921 and 1922 are invalid and will not support a claim against the transferees. We consider this contention beside the point, in that under the facts herein, a valid assessment against the Barr-Davis Oil Co. is not necessary before the respondent can proceed against the petitioners. Section 280 of the Revenue Act of 1926 provides:
Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a *846 deficiency in tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :
(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.
(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.
(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:
(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or
(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period, — then within six years after making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.
*******
The return of income made by the Barr-Davis Oil Go. for the year 1921 was filed on March 15, 1922, and the return for the year 1922 was filed on June 15, 1923. The four-year period for assessment of the taxes for those years provided by section 250 (d) of the Revenue Act of 1921, and by subsequent revenue acts, expired on March 14, 1926, and June 14, 1927, respectively. Under section 280 of the Revenue Act of 1926, if assessment was made against the taxpayer within the four-year period and prior to the Revenue Act of 1926, the respondent had six years from the date of the assessment, but not later than one year after the enactment of the Revenue Act of 1926, to proceed against the transferees, or, if no assessment was made against the taxpayer, he could proceed against the transferees within one year after the expiration of the period for assessment against the taxpayer. At the time the assessments were made against the taxpayer, and when the notices to the petitioners were mailed, the Barr-Davis Oil Co. had been dissolved and its assets distributed among its stockholders, and that fact was known to the respondent. In that situation it was not essential that the respondent should proceed against the transferor before taking steps to collect the tax from the transferee. It is sufficient that he has proceded against the transferee within the time prescribed by the statute therefor. Woodley Petroleum Co. et al., 16 B. T. A. 253; Angrier Corporation, 17 B. T. A. 1376. It is clear that whether the assessments made against the Barr-Davis Oil Co. are valid or invalid, the respondent has proceeded against the petitioners as transferees of that company within the period prescribed by section 280 of the *847 Revenue Act of 1926, and that assessment and collection of the liabilities in question are not barred. Angier Corporation, supra.
The petitioners next urge that J. A. Wise, as liquidating agent of the Barr-Davis Oil Co., is primarily liable for the taxes of that company, for the reason that he distributed its assets without making any effort to ascertain or pay the taxes for 1921 and 1922. and that as he is solvent and able to pay the taxes, these transferee proceedings can not be maintained. This contention is, in the light of the statute, clearly without merit. Section 280 of the Revenue Act of 1926 gives this Board jurisdiction to determine the liability, at law or in equity, of a transferee of property of a taxpayer for income, excess-profits, or war-profits taxes imposed upon a taxpayer, and the liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of a taxpayer. Wise is neither the transferee of a taxpayer nor the fiduciary of the estate of a taxpayer and therefore, assuming but not deciding, that in his capacity as liquidating agent of the Barr-Davis Oil Co. he was guilty of such misfeasance or malfeasance as to render himself liable to the United States for the taxes due from that company, this Board under the law has no jurisdiction to determine and adjudge that liability. Our jurisdiction is conferred by the statute and we may not go beyond its scope.
The petitioners also urge that the Barr-Davis Oil Co., in computing its net income for 1921, is entitled to deduct as a loss sustained in that year the amount of $104,000 paid to Davis for his stock in that company. In reporting its income for 1921 and 1922 the Barr-Davis Oil Co. claimed that the amount paid to Davis should be considered as a part of the cost of the oil and gas lease it sold to the Griswold Oil Co. These contentions are also without merit. The amount paid to Davis by the Barr-Davis Oil Co. for his stock was clearly no part of the cost of the oil and gas lease the company had theretofore acquired. Ror was it a loss to the company. It was a capital transaction that amounted to a distribution to Davis of part of the company’s assets which did not result in gain or loss to the company. Simmons & Hammond Manufacturing Co., 1 B. T. A. 803.
The fifth contention of the petitioners is that the sale by the Barr-Davis Oil Co. of its assets was made to a solvent purchaser; that $95,000 was received in 1921; that the deferred payments were the equivalent .of cash, and that the transaction should be considered as completed in 1921 and the entire profit taxed as income in that year. The Barr-Davis Oil Co., in reporting its profit from the transaction, treated it as a sale on the deferred payment plan and the respondent has accepted it on that basis. In fact, the Barr-Davis Oil Co., as shown by its return for 1921, regarded the transaction as a sale “ of *848 its entire physical properties and oil lease for a consideration of $200,000 contingent upon the oil production holding up until the sale price has been received.” And the return is signed by E. W. Barr and Mrs. Grace Jennings, two of the petitioners herein, as vice president and treasurer. The evidence shows that the Barr-Davis Oil Co. sold all of its property to the Griswold Oil Co. in 1921 for $200,000. The transaction was consummated by a written instrument denominated “Assignment,” which conveyed the property and provided for the immediate payment of $50,000 and for deferred payments amounting to $150,000, secured by a vendor’s lien on the property sold. As far as the record shows, there was no evidence of the deferred obligations other than the “Assignment.” The cash payment of $50,000 was made, as shown by the “Assignment,” and the deferred obligations to the amount of $45,000 were liquidated in 1921. It further appears that the obligations not paid in 1921 were direct liabilities of the Griswold Oil Co. not dependent on the production from the property purchased; that the Griswold O.il Co. was a solvent, going concern able to meet its obligations, and that it did meet them as they became due. However, we are of opinion that the evidence fails to establish that they were the equivalent of cash within the meaning of the Revenue Act of 1921, and the regulations promulgated thereunder, and that the Barr-Davis Oil Co. and the respondent properly treated the transaction as a sale on the deferred payment plan. The “Assignment ” was assignable but not negotiable and there was, apparently, no other evidence of the deferred payments. The petitioners have produced evidence to show that the Griswold Oil Co. was solvent and able to meet its obligations, but they have entirely failed to show that these deferred obligations were, or were considered at any time, as the equivalent of cash, or that they could have been sold for an amount approximating their face value. In the absence of evidence to that effect we must hold that the petitioners and the respondent correctly treated the sale as one on the deferred payment plan. It follows that the respondent’s determination as to the tax liability of the Barr-Davis Oil Co. for 1921 and 1922 must be affirmed.
The record discloses that the petitioners are transferees of the Barr-Davis Oil Co.; that each of them received in the liquidation of that company property of a value in excess of the amount of the liability which the respondent proposes to assess against him or her as such transferee, and that these proceedings are timely. The petitioners are, therefore, liable for the respective amounts asserted against them. Grand Rapids National Bank, 15 B. T. A. 1166; Annie G. Phillips et al., Executors, 15 B. T. A. 1218.

Judgment will he entered for the respondent.